NANCY WHITNEY *vs.* SAMUEL GUILD & others.

An open and peaceable entry in 1827, in the presence of two witnesses, although no certificate was made thereof, if followed by actual and peaceable possession continued for three years, foreclosed a mortgage under *St.* 1785, *c.* 22, § 2; and was binding upon the wife of the mortgagor if she joined in the mortgage.

*It seems,* that the provision of *St.* 1785, *c.* 22, § 2, requiring an entry to foreclose a mortgage without judgment, to be made in the presence of two witnesses, was not repealed by *St.* 1798, *c.* 77, § 1.

BILL IN EQUITY, filed August 27th 1854, to redeem six undivided seventh parts of the Orne farm in Attleborough from a mortgage.   Issues to a jury were framed, and a trial had before

*Thomas* J. in Bristol at November term 1856, at which there was evidence of the following facts:

The plaintiff took under the will of her father, James Orne, who died in 1804, one undivided seventh part of the farm, (subject to the life estate of her mother, who died in 1819,) and was married in 1810 to Martin Whitney, who died in 1850. Martin Whitney purchased five other undivided sevenths of the farm, and afterwards, in 1821, he and the plaintiff joined in a mortgage of the six sevenths; and his interest in the equity of redemption in the five sevenths was sold on execution in 1825. Guild purchased this mortgage and took conveyances, in which the plaintiff did not join, of Whitney's equity of redemption, and on the 10th of May 1827, with his wife and children, moved into and occupied one of the two houses upon the land, Whitney and his family continuing to occupy the other until the autumn of 1828, when Whitney and his family moved away, and none of them have since occupied any part of the premises.

The plaintiff then admitted that Guild had had uninterrupted and exclusive possession of the premises for more than twenty years prior to the filing of the bill, and that this would have barred all the plaintiff's rights, but for her coverture. The defendants contended that her coverture did not prevent Guild from acquiring an absolute title to the premises. But the judge ruled otherwise.

The defendants then contended that as Guild entered in May 1827, after breach of the condition of the mortgage, the presumption was that he entered for condition broken and for the purpose of foreclosure. But as it was admitted by the defendants that Guild had by quitclaim deeds acquired Martin Whitney's right of redemption before such entry, the judge ruled otherwise.

The judge further ruled that the burden of proof was on the defendants to prove a foreclosure.

The defendants then proposed to prove that Guild, on the 10th of May 1827, made an open and peaceable entry on the premises after a breach of the condition of the mortgage, and with intent to foreclose the same, and while the plaintiff and her husband were living in the house opposite, in the presence

of his own family and other persons, and that he had ever since remained in actual, open, peaceable and notorious possession, claiming absolute title in himself, and that such possession and claim of title were known to Martin Whitney and the plaintiff. But the defendants did not offer to show that any declaration was made by Guild, at the time of such entry, of his purpose to foreclose, or that he gave any formal notice to the plaintiff that he had entered for that purpose, or that any formal entry was made under the mortgage in the presence of two witnesses called for that purpose and requested to take notice thereof.

The presiding judge, inclining to the opinion that such facts, if proved, would be insufficient in law to foreclose the mortgage, directed a verdict for the plaintiff, and reported the case for the decision of the full court.

*J. H. Clifford & E. H. Bennett*, for the defendants. 1. If the *St.* of 1785, *c.* 22, § 2, governs the case, the foreclosure was complete. By that statute, any estate might be redeemed, " unless the mortgagee, or person claiming under him, hath by process of law, or by open and peaceable entry made in the presence of two witnesses, taken actual possession thereof, and continued that possession peaceably three years." The entry and possession in this case met every requirement of that statute as to an entry *in pais;* for the entry was made by the mortgagee or person claiming under him, was open and peaceable and in the presence of more than two witnesses, and actual possession was taken and peaceably continued more than twenty years. The witnesses were not required to be formally called for the purpose, or to be requested to take notice of the entry; for no certificate for record was then required of the witnesses, or, if given, would be legal evidence; and the purpose of the statute was not to give notoriety or publicity to the entry, but rather to substitute an open and visible entry, made with the mortgagor's knowledge and consent, in place of a judgment at law, to fix definitely the time at which the term of foreclosure should begin. *Thayer* v. *Smith,* 17 Mass. 431. *Swift* v. *Mendell,* 8 Cush. 359. Here the entry was made with the knowledge of both the mortgagors,

and in presence of the plaintiff and other witnesses, and the object of the statute was secured.

2. But this case is governed by the *St.* of 1798, *c.* 77, § 1, which provides that if any mortgagee " has lawfully entered and obtained, or shall lawfully enter and obtain, the actual possession of " the land mortgaged, for condition broken, the mortgagor " shall have right to redeem the same at any time within three years next after such possession obtained, and not afterwards." This statute was fully complied with in this case ; for the mortgagee lawfully entered, obtained actual possession of the land for condition broken, and continued it for three years. The *St.* of 1798 did not require an entry in the presence of two witnesses formally called for that purpose, but, like all the statutes earlier than the *St.* of 1785, was satisfied by any fair, open and peaceable entry by one having the right to enter. Prov. Sts. 10 W. 3 (1698), & 12 Anne (1713), Anc. Chart. 325, 326, 402. 4 Dane Ab. 181. *Boyd* v. *Shaw,* 14 Maine, 58. *Erskine* v. *Townsend,* 2 Mass. 496. *Newall* v. *Wright,* 3 Mass. 155. *Taylor* v. *Weld,* 5 Mass. 119–122. *Pomeroy* v. *Winship,* 12 Mass. 517, 519. *Scott* v. *McFarland,* 13 Mass. 314. *Skinner* v. *Brewer,* 4 Pick. 470. Commissioners' Report on Rev. Sts. *c.* 107. In *Taylor* v. *Weld* and *Pomeroy* v. *Winship,* above cited, this statute was allowed a retrospective effect upon an entry made before its passage, not by process of law nor in the presence of two witnesses.

3. An entry *in pais* and continued possession sufficient to work a foreclosure against a *feme sole,* like entry under a judgment, will foreclose a mortgage from a *feme covert* and her husband of her own land, especially when actual possession is taken with the knowledge of the wife. See *Hadley* v. *Houghton,* 7 Pick. 29. At least, the foreclosure began to take effect on her at her husband's death, which was more than three years before this bill was filed ; and notice of the holding for foreclosure, which she already knew, was unnecessary. *Hobart* v. *Hilliard,* 11 Pick. 143.

*T. D. Eliot & E. Ames,* for the plaintiff. There is no presumption that Samuel Guild entered for the purpose of fore-

closure, but the presumption is that he entered under his quit‑claim deeds. *Eaton* v. *Simonds*, 14 Pick. 101, 105. *Gibson* v. *Crehore*, 5 Pick. 151. The burden was on the defendants to prove a foreclosure. *Scott* v. *McFarland*, 13 Mass. 314.

1. The *St.* of 1798, *c.* 77, like the *St.* of 1785, *c.* 22, is enti‑tled " an act giving remedies in equity ; ' that is, to facilitate redemption, not an act to facilitate foreclosure, by dispensing with the few formalities and all the publicity required by the *St.* of 1785, *c.* 22 § 2. The *St.* of 1798 does not expressly dis‑pense with the necessity of two witnesses to an entry for fore‑closure without judgment, as required by the *St.* of 1785, *c.* 22 ; and such a repeal is not to be implied. Dwarris on Sts. (2d ed.) 568–570, 604. If " shall lawfully enter," in the *St.* of 1798, dis‑penses with the presence of two witnesses, then " have lawfully entered " must have the same effect, and thus by retrospection make an entry more than three years before its passage, if fol‑lowed by possession meanwhile, constitute a foreclosure imme‑diately upon its passage. The same construction of the *St.* of 1798, which dispenses with two witnesses to the entry, would equally dispense with the peaceable continuance of possession three years, for neither is repeated in this statute. The true meaning of " lawfully enter " is either by process of law, or by open and peaceable possession in the presence of two witnesses. *Newall* v. *Wright*, 3 Mass. 155. *Thayer* v. *Smith*, 17 Mass. 429. *Skinner* v. *Brewer*, 4 Pick. 468. *Gibson* v. *Crehore*, 5 Pick. 148. *Fay* v. *Valentine*, 5 Pick. 418. *Hadley* v. *Houghton*, 7 Pick. 29, 30. Stearns on Real Actions, 34, 45, 46. *Eaton* v. *Simonds*, 14 Pick. 98. *Lawrence* v. *Fletcher*, 8 Met. 166. *Swift* v. *Mendell*, 8 Cush. 357, 359. *Ayres* v. *Waite*, 10 Cush. 77, 78. *Smith* v. *Johns*, 3 Gray, 518.

2. A foreclosure would not be effected by an entry, unless accompanied by an express or implied declaration of a purpose to foreclose. *Scott* v. *McFarland*, 13 Mass. 314.

3. Formal notice to the plaintiff of the entry for the purpose of foreclosure was necessary to make it effectual against her right. *Lund* v. *Wood*, 11 Met. 569, 570. *Hadley* v. *Houghton*, 7 Pick. 31. *Gibson* v. *Crehore*, 5 Pick. 151, 153. *Swan* v *Wis‑wall*, 15 Pick. 128.

This case was decided in June 1860.

SHAW, C. J.   Up to 1785 any lawful entry by the mortgagee after condition broken, and the lapse of three years, worked a foreclosure.   Such entry must be actual, peaceable, and so far notorious as to afford a reasonable presumption that the owner must know it, and such actual possession must be retained by the mortgagee, or some tenant or other person in his behalf, three years.   A lease to the tenant, at an actual or nominal rent, would be acknowledgment on his part of the mortgagee's possession.   If the first entry be after condition broken, the presumption of law is that he enters for condition broken.

By the *St.* of 1785, *c.* 22, § 2, it was provided that the mortgagor might redeem, unless the mortgagee had entered by process of law, or in presence of two witnesses, and continued in peaceable possession three years.   But it did not require the witnesses to testify, *a fortiori* not to certify, and their certificate would not be evidence unless in the form of a deposition *in perpetuam.*   An actual entry, in presence of two witnesses, followed by open and peaceable possession three years, was all that was required. *Boyd* v. *Shaw*, 14 Maine, 58.   *Scott* v. *McFarland*, 13 Mass. 309.   This act was in force in 1827, when it is alleged that Guild entered.

The plaintiff having joined in the mortgage after her one seventh of the estate became her own estate in fee after the death of her mother, the mortgage was binding on her own title. And being also after her husband had purchased in the shares of the other heirs, the effect was to bind the plaintiff, although a *feme covert,* both as to her own estate in fee, and also as to her right of remainder in the shares of the other heirs.   The law of Massachusetts having provided that a *feme covert* may join with her husband in conveying her estate in fee, in tha case such deed is valid against her as if a *feme sole.*   If such conveyance be conditional, that is, a mortgage, it gives to the mortgagee and his assigns all the rights which the law attaches to her conveyance as if of a *feme sole.*   Being an enabling act to give effect to her conveyance, it gives effect to it with its legal incidents and consequences.   She therefore would be barred

by a lawful foreclosure, notwithstanding her coverture at the time of condition broken and at the time of foreclosure. The same principle applies to her alienation of her inchoate right of dower.

If therefore the defendants prove the facts of which evidence was offered, it will be competent to show a foreclosure by the lawful entry of the assignee of the mortgagee for condition broken.                                    *Verdict set aside.*

The case was afterwards heard before *Merrick*, J., and by him reported upon all the evidence to the whole court, who at October term 1863 found as matter of fact that the mortgage had been foreclosed, and entered a
                                *Decree for the defendants.*